CSD 1160 [03/01/15]
Name, Address, Telephone No. & I.D. No.

Erica Taylor Loftis Pacheco, Esq. (SBN 259286)
Adam P. Thursby, Esq. (SBN 318465)
GHIDOTTI | BERGER LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732; bknotifications@ghidottiberger.com

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

Maria Teresa Macias Ibarra,

                                        Debtor.

BANKRUPTCY NO. 21-02389-LA13

Carvana, LLC

                                    Moving Party

RS NO.  GB-1

Maria Teresa Macias Ibarra, and Thomas H. Billingslea,

                                   Respondent(s)

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
☐   **REAL PROPERTY**      ☑   **PERSONAL PROPERTY**

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1.    A Petition under Chapter    ☐  7   ☐  11   ☐  12   ☑  13   was filed on 6/7/2021                .

2.    Procedural Status:
a.    ☑    Name of Trustee Appointed *(if any)*: Thomas H. Billingslea

b.    ☐    Name of Attorney of Record for Trustee *(if any)*:

c.    ☐    *(Optional)* Prior Filing Information:
Debtor has previously filed a Bankruptcy Petition on:                         .
If applicable, the prior case was dismissed on:                              .

d.    ☑    *(If Chapter 13 case)*:  Chapter 13 Plan was confirmed on                         or a confirmation hearing is set for not yet set                 .

Movant alleges the following in support of its Motion:

1.    ☐    The following real property is the subject of this Motion:
a.    Street address of the property including county and state:



b.    Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):



c.    Legal description of property is attached as Exhibit A.

CSD 1160

d.  If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a) as Exhibit B.

e.  *Fair market value of property as set forth in the Debtor's schedules: $_____.

f.  *Nature of Debtor's interest in the property:

2.  ☑ The following personal property is the subject of this Motion *(describe property)*:
     2018 Hyundai Santa SP 2.0 VIN#5NMZU4LA8JH054090

    a.  Fair market value of property as set forth in the Debtor's schedules: $ 16,141.00 _____.

    b.  Nature of Debtor's interest in the property:  owner

3.  *Fair market value of property according to Movant: $ 33,675.00 _____.

4.  *Nature of Movant's interest in the property:  lienholder

5.  *Status of Movant's loan:
    a.  Balance owing on date of Order for Relief:              $ 17,479.49 _____
    b.  Amount of monthly payment:                             $ 434.00 _____
    c.  Date of last payment:                                  4/30/2021 _____
    d.  If real property,
        i.   Date of default:                                  _____
        ii.  Notice of Default recorded on:                    _____
        iii. Notice of Sale published on:                      _____
        iv.  Foreclosure sale currently scheduled for:         _____
    e.  If personal property,
        i.   Pre-petition default:      $ 873.00 _____      No. of months: 2 _____
        ii.  Post-petition default:     $ 873.00 _____      No. of months: 2 _____

6.  *(If Chapter 13 Case, state the following:)*
    a.  Date of post-petition default:                         6/28/2021 _____
    b.  Amount of post-petition default:                       $ 868.00 _____

7.  Encumbrances:
    a.  Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: Movant | 16,312.70 | 868.00 | 2 | 878.00 | 2 |
| 2nd: | | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $ 16,312.70 | $ 868.00 | | $ 878.00 | |

    b.  Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
        ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

CSD 1160 (Page 3) [03/01/15]

8.    Relief from the automatic stay should be granted because:

    a.    ☑    Movant's interest in the property described above is not adequately protected.

    b.    ☐    Debtor has no equity in the ☐ real property ☐ personal property described above and this property is not necessary to an effective reorganization.

    c.    ☐    The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

        i.    the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

        ii.    the Debtor/Trustee has

            (1)    ☐    not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

            (2)    ☐    commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

    d.    ☑    *Other cause exists as follows *(specify)*: ☐ See attached page.
        Debtor's plan does not treat Movant's claim and debtor is post petition delinquent.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a).

Movant attaches the following:

1.    ☑    Other relevant evidence:
        Declaration in support of motion for relief from the automatic stay filed concurrently herewith;
        Debtor's schedules A/B and Schedule D - Creditor's Holding Secured Claims.

2.    ☐    *(Optional)* Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☑    Relief as requested.

☑    Other:
    Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the Property.
    The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

Dated:  8/12/2021

                /s/ Adam P. Thursby
                _____
                [Attorney for] Movant

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

1  Erica Taylor Loftis Pacheco, Esq. (SBN 259286)
2  Adam P. Thursby, Esq. (SBN 318465)
   GHIDOTTI | BERGER LLP
3  1920 Old Tustin Ave.
   Santa Ana, CA 92705
4  Ph: (949) 427-2010
   Fax: (949) 427-2732
5  bknotifications@ghidottiberger.com

6
   Attorney for Movant,
7  Carvana, LLC

8
                    UNITED STATES BANKRUPTCY COURT
9
          SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO DIVISION
10

11  In Re:                          )  CASE NO.: 21-02389-LA13
                                     )
12                                   )  CHAPTER 13
                                     )
13  Maria Teresa Macias Ibarra,     )
                                     )  RS No.: GB-1
14          Debtor.                  )
                                     )  **DECLARATION IN SUPPORT OF**
15                                   )  **MOTION FOR RELIEF FROM THE**
                                     )  **AUTOMATIC STAY**
16                                   )
                                     )  ("2018 Hyundai Santa SP 2.0
17                                   )  VIN#5NMZU4LA8JH054090")
                                     )
18                                   )
                                     )  Honorable Louise DeCarl Adler
19                                   )
                                     )
20                                   )
                                     )
21                                   )
                                     )
22                                   )
                                     )
23                                   )
                                     )
24                                   )
                                     )
25                                   )
                                     )
26  _____ )

27     I, _Jennifer Cruise_ , hereby declare as follows:

28

29
                                    1
                                                        Declaration

1.      I am over the age of eighteen years and not a party to this action.  The facts set for the below are known to me personally based upon the review of the business records and I have first-hand knowledge of them.  If called as a witness, I could and would testify competently under oath to such facts.

2.      I am a(n) _Senior Manager_ at Carvana, LLC ("Movant") and am familiar with the subject Contract in favor of Movant, and the subject Bankruptcy case.

3.      I am familiar with the manner and procedure by which the records of Movant are obtained, prepared, and maintained.  Those records are obtained, prepared, and maintained by employees or agents of Movant in the performance of their regular business duties at or near the time, act, conditions, or events recorded thereon.  The records are made either by persons with knowledge of the matters they record or from information obtained by person with such knowledge.  It is my business practice to maintain these records in the regular course of business.

4.      Movant has been responsible for the handling of all matters relative to the underlying Contract prior to the filing of the within motion, including but not limited to processing of all payments received, crediting of received payments, adding all proper charges to the Contract, confirming the maintenance of insurance, communicating with and responding to the borrower on all matters relative to the Contract.

5.      Movant is the payee of a retail installment sale contract executed by the Debtor dated July 30, 2020, in the principal amount of $16,897.23 Contract").  Movant is an entity entitled to enforce the Contract.  A copy of the Contract is attached hereto as **Exhibit "1"**.

6.      All obligations (collectively, the "Obligations") of the Debtor under the Contract are secured by a 2018 Hyundai Santa SP 2.0 VIN#5NMZU4LA8JH054090 ("Vehicle") as evidenced by a Certificate of Title ("Title") naming Movant as the legal owner thereof.  A copy of the Title is attached hereto as **Exhibit "2"**.

7.      On June 7, 2021, Debtor filed a Chapter 13 Bankruptcy petition commencing the instant in the United States Bankruptcy Court for the Southern District of California.

8.      On June 30, 2021, Movant filed its proof of claim #3-1 evidencing a total claim as of the filing of the bankruptcy of $16,711.93 and pre-petition arrearages of $868.00.

Declaration

9.      As of August 11, 2021, the approximate total payoff is $17,479.49. The last payment was received on April 30, 2021, which made the account due for the for the April 28, 2021 payment. A copy of the payment history is attached hereto as **Exhibit "3"**.

10.      The following chart sets forth the number and amount of payments due pursuant to the terms of the Contract that have been missed by the Debtor post-petition as of August 11, 2021:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 2 | 06/28/2021 | 07/28/2021 | $434.00 | $868.00 |
| TOTAL | | | | $868.00 |

11.      The sums set forth in this declaration do not include any late charges, or other fees and charges that might otherwise be included in the event that a payoff is requested or provided.

12.      The next scheduled monthly payment of $434.00 is due August 28, 2021, and continuing each month thereafter.  Late charges will accrue if the payments are not received timely.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on B/12/2021 (Date) _____ Mesa _____ (City), AZ   (State)

_____
Signature

_____
Jennifer Cruise
Print Name

Declaration

# EXHIBIT "1"



**CARVANA**

1930 W. Rio Salado Pkwy
Tempe, AZ 85281
Office: 602.852.6604
Fax: 602.667.2581
Email: legal@carvana.com

Date: August 28, 2019

To Whom It May Concern,

This letter shall serve as formal acknowledgement that Bridgecrest is a valid loan servicer for Carvana loans.

If you have any questions, please contact me at the email address or phone number above.

Sincerely,

Name: Paul Breaux

Title: General Counsel, Vice President, and Secretary

1930 W. Rio Salado Pkwy | Tempe, AZ 85281 | O: 602.852.6604 | F: 602.667.2581

DocuSign Envelope ID: 9924ED98-570F-40C5-96BA-9CA5F3EA4964

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

CA-102 10/10/2015

# Conditional Sale Contract and Security Agreement

| Seller Name and Address | Buyer and Co-Buyer Name(s) and Address(es) | |
|---|---|---|
| CARVANA, LLC | Maria Teresa Macias Ibarra | |
| 1691 HANCOCK ST | **1022 Hemlock Ave** | Contract No. ▮▮▮▮▮ |
| SAN DIEGO CA 92101-1109 | Imperial Beach CA 91932 | Date  07/30/2020 |

Dealer #  N/A        ROS#  N/A        Stock # ▮▮▮▮▮

Primary use of the vehicle is personal, family, or household use unless otherwise indicated: ☐ Primary use is business, commercial or agricultural purpose.

## Truth-In-Lending Disclosure

| **Annual Percentage Rate** The cost of your credit as a yearly rate. | **Finance Charge** The dollar amount the credit will cost you. | **Amount Financed** The amount of credit provided to you or on your behalf. | **Total of Payments** The amount you will have paid when you have made all scheduled payments. | **Total Sale Price** The total cost of your purchase on credit, including your down payment of $ 5,700.00 |
|---|---|---|---|---|
| 22.905 % | $ 14,311.53 | $ 16,897.23 | $ 31,208.76 | $ 36,908.76 |

(e) means estimate

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due monthly beginning |
|---|---|---|
| 71 | $ 434.00 | 08/30/20 |
| 1 | $ 394.76 | 07/30/26 |
| N/A | $ N/A | N/A |
| N/A | $ N/A | N/A |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| New/Used | Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|---|
| Used | 2018 | Hyundai | Santa Fe Sport | Sport Utility | 5NMZU4LA8JH054090 | 32713 |

## Trade-In Description, Payoff Accuracy; Agreement

Trade-In Vehicle:

| N/A | N/A | N/A |
|---|---|---|
| Year | Make | Model |
| N/A | N/A | |
| Odometer | VIN | |

The payoff amount of your trade-in is shown in 6.B. of the Itemization of Amount Financed on Page 2. We relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the amount shown in 6.B. You understand the payoff amount is an estimate. You agree that if the actual payoff amount is greater than the payoff amount shown in 6.B. you will pay us the difference if we ask for it. If the actual payoff amount is less than the amount shown in 6.B. we will refund to you any overage we receive from your prior lienholder or lessor. Subject to the NOTICE in the "*Owner Agreement*" section of this Contract, any assignee of this Contract will not be obligated to pay the amount shown in 6.B. or any refund.

*Maria Ibarra*

**Buyer:**  Maria Teresa Macias Ibarra   **Co-Buyer:**        N/A

## Important Notices

**Seller Assisted Loans.**
You may be required to pledge security for the loan. You will be obligated for the installment payments on both this Conditional Sales Contract and the Loan.

Lender on loan        N/A

Amount $  N/A        Finance Charge $        N/A

Total $     N/A        Payable in     N/A        installments of
$        N/A        , $        N/A        of loan proceeds included in item 6.D. of the Itemization of Amount Financed on Page 2.

**Auto Broker Fee.**
**If the Vehicle is new, this transaction is not subject to a fee received by an auto broker from us unless this box is checked:**

☐ **Name of auto broker receiving fee:**

DocuSign Envelope ID: 9924ED98-570F-40C5-96BA-9CA5F3EA4964

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

## Itemization of Amount Financed (Seller may retain or receive part of the amounts paid to others.)

1. Cash Price Itemization

A. Cash Price (excluding items 1.B to L.3) — $ 19,990.00

   1. Cash Price of Vehicle — $ 19,990.00
   2. Cash Price of Accessories — $ N/A
   3. Other ___N/A___ — $ N/A
   ___N/A___ — $ N/A

B. Document Processing Charge (not a governmental fee) — $ N/A

C. Emissions Testing Charge (not a governmental fee) — $ N/A

D.1 (Optional) Theft Deterrent Device paid to ___N/A___ — $ N/A

D.2 (Optional) Theft Deterrent Device paid to ___N/A___ — $ N/A

D.3 (Optional) Theft Deterrent Device paid to ___N/A___ — $ N/A

E.1 (Optional) Surface Protection Product paid to ___N/A___ — $ N/A

E.2 (Optional) Surface Protection Product paid to ___N/A___ — $ N/A

F. EV Charging Station paid to ___N/A___ — $ N/A

G.1 Sales Tax (on taxable items in A through F.) — $ 1,549.23

G.2 Other Taxes ___Vehicle Inventory Tax, Business Tax___ — $ 0.00

H. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) paid to ___N/A___ — $ N/A

I.1 (Optional) Service Contract paid to ___N/A___ — $ N/A

I.2 (Optional) Service Contract paid to ___N/A___ — $ N/A

I.3 (Optional) Service Contract paid to ___N/A___ — $ N/A

I.4 (Optional) Service Contract paid to ___N/A___ — $ N/A

I.5 (Optional) Service Contract paid to ___N/A___ — $ N/A

J. Prior Credit or Lease Balance paid to ___N/A___ (e) — $ 0.00
   (see down payment and trade-in calculation)

K. Optional Gap Waiver paid to Seller — $ N/A

L.1 (Optional) Used Vehicle Contract Cancellation Option Agreement — $ N/A

L.2 Other paid to ___Carvana___ for ___Transit Charge___ — $ 590.00

L.3 Other paid to ___N/A___ for ___N/A___ — $ N/A

M. Total Cash Price (A through L.3) — $ 22,129.23 (1)

2. Amounts Paid to Public Officials

A. License Fees — $ N/A

B. Registration/Transfer/Titling Fees — $ 59.00

C. California Tire Fees — $ N/A

D. Other ___State Fees___ — $ 409.00

Total Official Fees (A through D) — $ 468.00 (2)

3. Amount Paid to Insurance Companies (See Statement of Insurance, Totals (1) and (2)) — $ N/A (3)

4. ☐ State Emissions Certification Fee or ☐ State Exemption Fee (Paid to State) — $ N/A (4)

5. Subtotal (1 through 4) — $ 22,597.23 (5)

6. Total Downpayment

A. Agreed Trade-In Value — $ 0.00

B. Less Prior Credit or Lease Balance (e) — $ N/A

C. Net Trade-In (A less B) (indicate if a negative number) — $ 0.00

D. Deferred Downpayment — $ N/A

E. Manufacturer's Rebate — $ N/A

F. Other ___N/A___ — $ N/A

G. Cash — $ 5,700.00

Total Downpayment (C through G) — $ 5,700.00 (6)

(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1.J. above)

7. Prepaid Finance Charge — $ N/A (7)

8. Amount Financed (5 less 6 and 7) — $ 16,897.23 (8)

DocuSign Envelope ID: 9924ED98-570F-40C5-96BA-9CA5F3EA4964

THIS IS A COPY
This is a copy view of the Authoritative Copy held

## Statement of Insurance

NOTICE. No person is required as a condition precedent to financing the purchase of an automobile that any insurance be negotiated or purchased through a particular insurance agent or broker.

You must insure the Vehicle and other property securing this Contract. See the "Property Insurance" section on Page 5 of this Contract. You are not required to provide any other insurance.

### Property Insurance

|  |  | Term | Premium |
|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | | N/A Mos. $ | N/A |
| $ N/A Ded. Collision | | | N/A |
| Bodily Injury $ N/A limits | | N/A Mos. $ | N/A |
| Property Damage $ N/A limits | | N/A Mos. $ | N/A |
| Medical N/A | | N/A Mos. $ | N/A |
| N/A | | N/A Mos. $ | N/A |
| Total Property Insurance Premiums | | $ | N/A (1) |

**UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.**

You may buy the required Property Insurance from any company reasonably acceptable to us.

Buyer _____ N/A
Co-Buyer _____ N/A
Seller _____ N/A

If you purchase any optional credit insurance, then policies or certificates from the insurer will describe the terms and conditions.

### Application for Optional Credit Insurance

☐ Credit life: ☐ Buyer ☐ Co-Buyer ☐ Joint
☐ Credit disability (Buyer)

|  | Term | Exp. | | Premium |
|---|---|---|---|---|
| Credit life: | N/A Mos. | N/A | $ | N/A |
| Credit disability: | N/A Mos. | N/A | $ | N/A |
| Total credit insurance premiums | $ | N/A | (2) | |
| Name of insurance company | N/A | | | |
| | N/A | | | |
| Address (home office) | N/A | | | |

Credit insurance is not required to obtain credit and is not a factor in our credit decision. We will not provide it unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We have quoted above ONLY the coverages you have chosen to purchase.

You are applying for the credit insurance marked above. Your signature below means that you agree that: 1. You are not eligible for insurance if you have reached your 65th birthday. 2. You are not eligible for disability insurance unless you are working at least 30 hours a week for wages or profit on the Effective Date. 3. Only the Buyer, not the Co-Buyer, is eligible for disability insurance. **DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS. REFER TO THE "TOTAL DISABILITIES NOT COVERED" SECTION IN YOUR POLICY FOR DETAILS.**

Sign if you want to buy credit insurance.

| N/A | N/A | N/A |
|---|---|---|
| Date | Buyer | Age |
| N/A | N/A | N/A |
| Date | Co-Buyer | Age |

**THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.**

**WARNING:**

**YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.**

**FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.**

**THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.**

S/S _Maria Ibarra_ S/S _____

## Additional Protections

You may buy or decline the following Gap Waiver (debt cancellation agreement) or any of the following service or other contracts. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. These voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no charge is given for an item, you have declined to purchase any such item. References to "1.I.1." to "1.I.5.", "1.K.", and "1.L.1." below are to the Itemization of Amount Financed on Page 2 of this Contract.

Service Contracts

| Company | Term | Price |
|---|---|---|
| N/A | N/A | See 1.I.1 |
| N/A | N/A | See 1.I.2 |
| N/A | N/A | See 1.I.3 |
| N/A | N/A | See 1.I.4 |
| N/A | N/A | See 1.I.5 |

_Maria Ibarra_ 07/30/2020 N/A N/A
**Buyer:** Maria Teresa Macias Ibarra **Date** **Co-Buyer:** **Date**

☒ Gap Waiver N/A months
Term _____
Price $ See 1.K. _____
See Gap Waiver (now made a part of this Contract) for conditions and exclusions.

☐ Optional Used Vehicle Contract Cancellation
Option Agreement Price: See 1.L.1.

| N/A | N/A | N/A | N/A |
|---|---|---|---|
| **Buyer:** | **Date** | **Co-Buyer:** | **Date** |

DocuSign Envelope ID: 9924ED98-570F-40C5-96BA-9CA5F3EA4964

THIS IS A COPY

This is a copy view of the Authoritative Copy held

## Additional Terms of this Contract and Security Agreement

**Finance Charge and Payments.** You agree to pay the Amount Financed and Finance Charge as provided in the Payment Schedule in the TRUTH-IN-LENDING DISCLOSURE on Page 1 of this Contract. You also agree to pay the Late Charge described on Page 1, and all other amounts required under this Contract. Finance Charge will be computed each day. Finance Charge is computed at the Annual Percentage Rate shown on Page 1 of this Contract. We may apply each payment to the Finance Charge, the unpaid part of the Amount Financed, and other amounts due under this Contract in any order we choose.

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, and all proceeds. You also assign to us and give us a security interest in proceeds and refunds under any insurance policy, service contract or other contract purchased with this Contract as the law allows.

**General Terms.** You have been given the opportunity to purchase the Vehicle and described services for the Total Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You chose to purchase the Vehicle and services over time. The Total Sale Price shown in the TRUTH-IN-LENDING DISCLOSURE assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the Amount Financed balance, and when the Amount Financed has been paid in full, refund it to you. You understand and agree that we (or our affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other goods and services that you buy through us or our affiliate.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

The law of California will govern this transaction. Applicable federal law and regulations also govern it.

The entire agreement between you and us is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

**Name and Location.** Your name and address indicated on Page 1 are your exact legal name and your principal residence. You will provide us with at least 30 days' notice prior to changing your name or principal residence. You agree that the purchase of the Property on credit takes place at the Seller's licensed location identified at the top of page 1 of this Contract.

You agree that the Vehicle will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Ownership and Duties Toward Vehicle.** By giving us a security interest in the Vehicle, you represent and agree to the following:

A. The security interest you are giving us in the Vehicle and other property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Vehicle and other property ahead of the claim of anyone else. You will not do anything to change our interest in the Vehicle and other property.

B. You will defend our interests in the Vehicle and other property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Vehicle and other property ahead of the claim of anyone else.

C. You will keep the Vehicle in your possession in good condition and repair. You will use the Vehicle for its intended and lawful purposes. You agree not to remove the Vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the Vehicle or this Contract without our written permission. You agree to keep the Vehicle free from seizure, confiscation, or involuntary transfer. Unless otherwise agreed in writing, the Vehicle will be located primarily at your address listed on Page 1 of this Contract.

D. You will pay all taxes and assessments on the Vehicle as they become due.

E. You will notify us of any loss or damage to the Vehicle. You will provide us reasonable access to the Vehicle for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A. You fail to perform any obligation that you have undertaken in this Contract.

B. You become a debtor in any bankruptcy proceeding, or others take legal action to collect money or repossess the Vehicle from you.

C. You fail to pay all you owe under this Contract if the Vehicle becomes a total loss or is missing or stolen.

D. You give inaccurate, incomplete, or misleading information on your credit application or in the "Information You Provide to Us" section of this Contract (See the "Information You Provide to Us" section of this Contract).

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, attorneys' fees, and fees for repossession, repair, storage and sale of the Vehicle securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**Gap Liability Notice.** In the event of theft or damage to your Vehicle that results in a total loss, there may be a gap between the amount you owe under this Contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. Optional Gap Waiver may be offered for an additional charge.

**Remedies.** If you default on this Contract, we may exercise the remedies provided by law and this Contract subject to any right the law gives you to reinstate this Contract. Those remedies include:

A. We may require you to immediately pay us, subject to any refund or reinstatement rights, the remaining unpaid balance of the Amount Financed, finance charges and all other agreed charges.

B. We may pay taxes, assessments, or other liens or make repairs to the Vehicle if you have not done so. We are not required to do so. You will repay us that amount when we

COPY VIEW

DocuSign Envelope ID: 9924ED98-570F-40C5-96BA-9CA5F3EA4964

THIS IS A COPY
This is a copy view of the Authoritative Copy held

tell you to do so. That amount will earn finance charges from the date we pay it at the Annual Percentage Rate stated in the *Truth-In-Lending Disclosure* of this Contract, not to exceed the highest rate permitted by law.

C. We may require you to make the Vehicle available to us at a place we designate that is reasonably convenient to you and us.

D. We may immediately take possession of the Vehicle by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Vehicle and apply what we receive as provided by law to our reasonable expenses and then toward your obligations. Our reasonable expenses can include, among other things, costs of repossession, storage, sale preparation, and sale.

E. If the Vehicle is repossessed, a total loss, confiscated or stolen, we may claim benefits under or cancel any insurance, maintenance, service, or other contract purchased under this Contract and use the resulting proceeds or refund of unearned charges to reduce what you owe under this Contract.

F. Except when prohibited by law, we may sue you for remaining amounts if the proceeds of a sale do not pay all of the amounts you owe us. You will pay interest on these remaining amounts until paid at the Annual Percentage Rate shown on Page 1 of this Contract, not to exceed the highest rate permitted by law.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again. You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Vehicle securing this Contract and taken into possession as provided above.

If the Vehicle has an electronic tracking device, you agree that we may use the device to find the Vehicle.

**Returned Check Charge.** You may be liable for collection costs incurred in connection with this Contract. This includes a fee, not to exceed $15, for each check, share draft or negotiable order of withdrawal offered as payment that is returned dishonored by a depository institution.

**Property Insurance.** You agree to buy property insurance on the Vehicle protecting against loss and physical damage and otherwise acceptable to us. You will name us as loss payee on any such policy. In the event of loss or damage to the Vehicle, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Vehicle. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full. If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Vehicle or, at our option, your and our interests in the Vehicle. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the Annual Percentage Rate stated in the *Truth-In-Lending Disclosure* of this Contract or, at our option, the highest rate the law permits.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

A. You must pay this Contract even if someone else has also signed it.

B. We may release any Co-Buyer or Guarantor and you will still be obligated to pay this Contract.

C. We may release any security and you will still be obligated to pay this Contract.

D. If we give up any of our rights, it will not affect your duty to pay this Contract.

E. If we extend new credit, it will not affect your duty to pay this Contract.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Information You Provide to Us.** We have based our decision to enter into the Contract on the information you supplied in any credit applications and in this Contract, including the payoff amount on any trade-in. We relied on the information because you assured us it is accurate. You now repeat that assurance, and you warrant and represent as follows:

◆ All that information is accurate, complete and not misleading.

◆ You believe that information will remain correct and will not change. You have no reason to suspect otherwise.

◆ Unless you tell us in writing before you sign this Contract, Buyer and Co-Buyer will each use and own the Vehicle, even if that is not shown on the vehicle title.

You will provide us with documents and other information we request to verify that any items of that information are correct.

**Our Warranties: UNLESS WE AS SELLER, IN A SALE FOR PERSONAL USE, EITHER EXTEND A WRITTEN WARRANTY OR SERVICE CONTRACT WITHIN 90 DAYS OF THE DATE OF THIS CONTRACT, OR SELL THE VEHICLE WITH A WRITTEN WARRANTY, THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, CONCERNING THE VEHICLE, INCLUDING IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**

**This provision does not affect any warranties of the Vehicle provided by the vehicle manufacturer. If the Vehicle was sold as a certified used vehicle, the warranty of merchantability is not disclaimed.**

### Claim Procedure

If you have purchased credit disability insurance in connection with this Contract, the following claim procedure applies.

DocuSign Envelope ID: 9924ED98-570F-40C5-96BA-9CA5F3EA4964

THIS IS A COPY
This is a copy view of the Authoritative Copy held

If you become disabled, tell us (your creditor) right away. (We advise you to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. Send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payments, **WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER** your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months as a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

### Owner Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, "*you*" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your Interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you. **You acknowledge receipt of a completed copy of this Contract.**

| N/A | N/A |
|-----|-----|
| By: | Date |
| Signature of Third Party Owner (NOT the Buyer) | |

**Note: If the primary use of the Vehicle is not personal, family or household use, then this is not a consumer contract, and the following notice does not apply.**

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

### Used Car Buyer's Guide

**Used Car Buyer's Guide. The information you see on the window form for this Vehicle is part of this Contract. Information on the window form overrides any contrary provisions in the contract of sale.**

### Guía para compradors de vehículos usados

**Guía para compradors de vehículos usados. La información que aparece en la ventanilla de este vehículo forma parte de este contrato. La información contenida en el formulario de la ventanilla anula cualquier estipulación que establezca lo contrario y que aparezca en el contrato de venta.**

### Right of Seller to Cancel

If you sign the Right of Seller to Cancel in the "Signatures" section of this Contract, you agree to the following:

◆ You acknowledge that it may take a few days for the Seller to verify your credit and assign the Contract to a financial institution.

◆ If the Seller is unable to get a financial institution it regularly does business with to accept an assignment of the Contract on terms that are satisfactory to the Seller, the Seller may elect to cancel (rescind) the Contract by giving you a notice of cancellation within 10 days after the date you signed this Contract.

◆ Upon receipt of a notice of the cancellation within 10 days after you signed this Contract, you agree to immediately return the Vehicle to the Seller free of all liens apart from this Contract in the same condition as it was in when you received it, except for reasonable wear and tear.

◆ After you return the Vehicle, the Seller agrees to return to you any trade-in vehicle and all amounts you paid to the Seller under this Contract.

◆ You agree that, if you do not immediately return the Vehicle to the Seller, the Seller will be entitled to recover all amounts you owe the Seller under this Contract to the extent permitted by law.

◆ You also agree that, if you do not immediately return the Vehicle to the Seller, the Seller will be entitled to repossess the Vehicle, and you will pay the Seller all its expenses (including attorneys' fees) incurred in repossessing the Vehicle, to the extent permitted by law.

◆ You agree that, until the Seller receives the Vehicle back from you, you will continue to have all the Buyer's obligations under this Contract, including, but not limited to, the provisions regarding insurance and use of the Vehicle; you will have all the risk of loss or damage to the Vehicle; and you will be responsible for any injuries or property damage caused by use of the Vehicle.

◆ You agree that if the Vehicle is damaged before it is returned to the Seller you will pay the Seller the cost of repairing it.

◆ You agree that the provisions of this "Right of Seller to Cancel" will continue to be effective even after this contract is cancelled.

DocuSign Envelope ID: 9924ED98-570F-40C5-96BA-9CA5F3EA4964

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian.

## Additional Important Notices

**Notice of Complaints. If you have a complaint concerning this sale, you should try to resolve it with the seller.**

**Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.**

**After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.**

*Maria Ibarra*

| | N/A |
|---|---|
| **Buyer** Maria Teresa Macias Ibarra | **Co-Buyer** |

**Waiver of Confidentiality.** California Vehicle Code Section 1808.21 provides, among other things, that your resident address in any record of the California Department of Motor Vehicles is confidential.

You waive this provision and authorize the California Department of Motor Vehicles to furnish your residence address to us.

| N/A | N/A |
|---|---|
| **Buyer** | **Co-Buyer** |



*[This space intentionally left blank.]*

*[This space intentionally left blank.]*

DocuSign Envelope ID: 9924ED98-570F-40C5-96BA-9CA5F3EA4964

THIS IS A COPY
This is a copy view of the Authoritative Copy held

[X] **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

### Notice To Buyer.
**(1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled-in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.**

[ ]   If this box is checked, you will owe no Finance Charge if you pay the Amount Financed on or before _____N/A_____ (date)
Seller's initials ____N/A____ .

### Signatures

Changes to this Contract must be in writing and signed by both you and our authorized representative. Oral changes are not binding.

_Maria Ibarra_
_____          _____
**Buyer signs**                          **Co-Buyer signs**

_The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge._

**Right of Seller to Cancel.** By signing below, you agree that the _Right of Seller to Cancel_ section of this Contract will apply. This provision gives us the right to cancel this Contract if we are unable to assign the Contract.

| N/A | N/A |
|---|---|
| **Buyer** | **Co-Buyer** |

**You agree to the terms of this Contract. By signing below, you become legally obligated to perform the terms of this Contract and acknowledge that (1) before you signed it, we gave you the completely filled-in Contract and you had a chance to take it and thoroughly read and review it, and (2) you received a completely filled-in copy of the Contract.**

### THERE IS NO COOLING OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION.

**California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or you wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud.**

**However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.**

**Buyer**                          **Co-Buyer**

_Maria Ibarra_  07/30/2020          N/A          N/A
_____          _____          _____
Maria Teresa Macias Ibarra  **Date**              **Date**

**Seller**

_[signature]_                          07/30/2020
_____          _____
**By:**          CARVANA, LLC                          **Date**

**Assignment.** This Contract and Security Agreement is assigned to
_N/A_
_____,
the Assignee, phone _____N/A_____. This assignment is made under the terms of a separate agreement made between the Seller and Assignee. [ ] This Assignment is made with recourse.

Seller

_N/A_
_____          _____
**By**                                          **Date**

# EXHIBIT "2"

6/10/2021                                 ELT Print without Account Information



Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# Carvana LLC

## Lien and Title Information

### Lienholder

| | |
|---|---|
| **ELT Lien ID** | FPU |
| **Lienholder** | CARVANA LLC |
| **Lienholder Address** | PO BX 29002 |
| | PHOENIX, AZ 85038 |
| **Lien Release Date** | |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| **VIN** | 5NMZU4LA8JH054090 | **Issuance Date** | 8/18/2020 |
| **Title Number** | | **Received Date** | 8/20/2020 |
| **Title State** | CA | **ELT/Paper** | ELECTRONIC |
| **Year** | 2018 | **Odometer Reading** | 32713 07/30/2020 |
| **Make** | HYUN | **Branding** | |
| **Model** | | | |
| **Owner 1** | IBARRA MARIA TERESA MACIAS | | |
| **Owner 2** | | | |
| **Owner Address** | 1022 HEMLOCK AVE | | |
| | IMPERIAL BCH, CA 91932 | | |

**Printed:** Thursday, June 10, 2021 7:42:08 AM PST

# EXHIBIT "3"

| Transaction Date | Transaction Amount | Transaction Event | Reversal Reason | NSFDate | Fee Type | Current Due Date | Amount Due | Partial Pay | Remaining Due | Principal | Interest | Late Fee | Per Diem | Days Between Payments | Next Due Date | Principal Outstanding | Receipt Number | Lot Number | Check Number | Posted Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/15/2021 | (5.00) | Late Fee Assessment | | | | 4/30/2021 | 434.00 | 0.00 | 434.00 | 0.00 | 0.00 | (5.00) | 10.24 | | 4/30/2021 | 16,312.70 | 0 | 0 | | 7/15/2021 |
| 6/14/2021 | (5.00) | Late Fee Assessment | | | | 4/30/2021 | 434.00 | 0.00 | 434.00 | 0.00 | 0.00 | (5.00) | 10.24 | | 4/30/2021 | 16,312.70 | 0 | 0 | | 6/14/2021 |
| 4/30/2021 | 3.95 | Fee Payment=PAYMENTUS AGENT DEBIT CARD | | | SERVICE FEE | 4/30/2021 | 434.00 | 0.00 | 434.00 | 0.00 | 0.00 | 0.00 | 10.24 | | 4/30/2021 | 16,312.70 | 1146245 | 10596 | | 4/30/2021 |
| 4/30/2021 | 878.00 | Normal Payment=PAYMENTUS AGENT DEBIT CARD | | | | 2/28/2021 | 434.00 | 0.00 | 434.00 | 350.44 | 517.56 | 10.00 | 10.24 | 43 | 4/30/2021 | 16,312.70 | 1146245 | 10596 | 681611 | 4/30/2021 |
| 4/14/2021 | (5.00) | Late Fee Assessment | | | | 2/28/2021 | 434.00 | 0.00 | 434.00 | 0.00 | 0.00 | (5.00) | 10.46 | | 2/28/2021 | 16,663.14 | 0 | 0 | | 4/14/2021 |
| 3/18/2021 | 3.95 | Fee Payment=PAYMENTUS AGENT DEBIT CARD | | | SERVICE FEE | 2/28/2021 | 434.00 | 0.00 | 434.00 | 0.00 | 0.00 | 0.00 | 10.46 | | 2/28/2021 | 16,663.14 | 878332 | 10596 | | 3/18/2021 |
| 3/18/2021 | 434.00 | Normal Payment=PAYMENTUS AGENT DEBIT CARD | | | | 1/30/2021 | 434.00 | 0.00 | 434.00 | 0.00 | 434.00 | 0.00 | 10.46 | 48 | 2/28/2021 | 16,663.14 | 878332 | 10596 | 666678 | 3/18/2021 |
| 3/15/2021 | (5.00) | Late Fee Assessment | | | | 1/30/2021 | 434.00 | 0.00 | 434.00 | 0.00 | 0.00 | (5.00) | 10.46 | | 1/30/2021 | 16,663.14 | 0 | 0 | | 3/15/2021 |
| 1/29/2021 | 868.00 | Normal Payment=PAYMENTUS AGENT DEBIT CARD | | | | 11/30/2020 | 434.00 | 0.00 | 434.00 | 232.76 | 635.24 | 0.00 | 10.46 | 60 | 1/30/2021 | 16,663.14 | 637142 | 90005 | EC649923 | 1/31/2021 |
| 1/29/2021 | 5.00 | Late Fee Paid=PAYMENTUS AGENT DEBIT ADJ | | | LATE FEE PAYMENT | 11/30/2020 | 434.00 | 0.00 | 434.00 | 0.00 | 0.00 | 5.00 | 10.60 | | 11/30/2020 | 16,895.90 | 637142 | 90005 | EC649923 | 1/31/2021 |
| 1/29/2021 | 300.00 | Normal Payment=PAYMENTUS AGENT DEBIT ADJ | | | REPOSSESSION FEE | 11/30/2020 | 434.00 | 0.00 | 434.00 | 0.00 | 0.00 | 0.00 | 10.60 | | 11/30/2020 | 16,895.90 | 637142 | 90005 | | 1/29/2021 |
| 1/29/2021 | 3.95 | Fee Payment=PAYMENTUS AGENT DEBIT CARD | | | SERVICE FEE | 11/30/2020 | 434.00 | 0.00 | 434.00 | 0.00 | 0.00 | 0.00 | 10.60 | | 11/30/2020 | 16,895.90 | 566037 | 10596 | | 1/29/2021 |
| 1/29/2021 | (1,173.00) | Payment Reversal=PAYMENTUS AGENT DEBIT CARD | Deletion | 1/31/2021 | | 11/30/2020 | 434.00 | 0.00 | 434.00 | (532.76) | (635.24) | (5.00) | 10.60 | | 11/30/2020 | 16,895.90 | 566037 | 10596 | 649923 | 1/31/2021 |
| 1/29/2021 | 1,173.00 | Normal Payment=PAYMENTUS AGENT DEBIT CARD | | | | 11/30/2020 | 434.00 | 300.00 | 134.00 | 532.76 | 635.24 | 5.00 | 10.27 | 60 | 1/30/2021 | 16,363.14 | 566037 | 10596 | 649923 | 1/29/2021 |
| 1/14/2021 | (5.00) | Late Fee Assessment | | | | 11/30/2020 | 434.00 | 0.00 | 434.00 | 0.00 | 0.00 | (5.00) | 10.60 | | 11/30/2020 | 16,895.90 | 0 | 0 | | 1/14/2021 |
| 11/30/2020 | 3.95 | Fee Payment=PAYMENTUS AGENT ACH | | | SERVICE FEE | 11/30/2020 | 434.00 | 0.00 | 434.00 | 0.00 | 0.00 | 0.00 | 10.57 | | 11/30/2020 | 16,895.90 | 200599 | 10596 | | 11/30/2020 |
| 11/30/2020 | 434.00 | Normal Payment=PAYMENTUS AGENT ACH | | | | 10/30/2020 | 434.00 | 0.00 | 434.00 | 1.33 | 427.67 | 5.00 | 10.57 | 30 | 11/30/2020 | 16,895.90 | 200599 | 10596 | 630167 | 11/30/2020 |
| 10/31/2020 | 3.95 | Fee Payment=PAYMENTUS AGENT ACH | | | SERVICE FEE | 10/30/2020 | 434.00 | 5.00 | 429.00 | 0.00 | 0.00 | 0.00 | 10.57 | | 10/30/2020 | 16,897.23 | 76492 | 10596 | | 10/31/2020 |
| 10/31/2020 | 439.00 | Normal Payment=PAYMENTUS AGENT ACH | | | | 9/30/2020 | 434.00 | 5.00 | 429.00 | 0.00 | 439.00 | 0.00 | 10.57 | 33 | 10/30/2020 | 16,897.23 | 76492 | 10596 | 620794 | 10/31/2020 |
| 10/15/2020 | (5.00) | Late Fee Assessment | | | | 9/30/2020 | 434.00 | 0.00 | 434.00 | 0.00 | 0.00 | (5.00) | 10.57 | | 9/30/2020 | 16,897.23 | 0 | 0 | | 10/15/2020 |
| 9/28/2020 | 439.00 | Normal Payment=ONE TIME ACH PAYMENT | | | | 9/30/2020 | 434.00 | 0.00 | 434.00 | 0.00 | 434.00 | 5.00 | 10.57 | 29 | 9/30/2020 | 16,897.23 | 25116469 | 10592 | | 9/28/2020 |
| 9/14/2020 | (5.00) | Late Fee Assessment | | | | | 434.00 | 0.00 | 434.00 | 0.00 | 0.00 | (5.00) | 10.57 | | | 16,897.23 | 0 | 0 | | 9/14/2020 |

# EXHIBIT "4"

 NADAguides Value Report 8/11/2021

# 2018 Hyundai Santa Fe
## Utility 4D SE Ultimate 2WD

 CHANGE CAR   COMPARE

## Values

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $26,050 | $27,550 | $28,775 | $31,500 |
| Mileage (44,713) | $550 | $550 | $550 | $550 |
| Total Base Price | $26,600 | $28,100 | $29,325 | $32,050 |
| **Options** | | | | |
| **Price + Options** | **$26,600** | **$28,100** | **$29,325** | **$32,050** |

Sell my car fast. **Get Offer.**

| | |
|---|---|
| **Certified Pre-Owned (CPO)** ⓘ | +$1,625 |
| **Certified Price with Options** | **$33,675** |

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Maria Teresa Macias Ibarra** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF CALIFORNIA | | |
| Case number | 21-02389 | | |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                                                     12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes.  Where is the property?

| | | |
|---|---|---|
| **1.1** | | |

**1022 Hemlock Avenue**
Street address, if available, or other description

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| | |
|---|---|
| **Imperial Beach**   **CA**   **91932-0000** | |
| City          State          ZIP Code | |

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $631,800.00 | $631,800.00 |

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**San Diego**
County

☐ **Check if this is community property** (see instructions)

**Other information you wish to add about this item, such as local property identification number:**

**FMV - Zillow**

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................................=>**

| |
|---|
| $631,800.00 |

**Part 2:**  Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

| Debtor 1 | **Maria Teresa Macias Ibarra** | Case number *(if known)* | **21-02389** |

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| | | | | |
|---|---|---|---|---|
| 3.1 | Make: **Hyundai** | **Who has an interest in the property?** Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* | |
| | Model: **Santa Fe** | ■ Debtor 1 only | | |
| | Year: **2017** | ☐ Debtor 2 only | **Current value of the entire property?** | **Current value of the portion you own?** |
| | Approximate mileage: **56250** | ☐ Debtor 1 and Debtor 2 only | | |
| | Other information: | ☐ At least one of the debtors and another | | |
| | **FMV - KBB** | ☐ Check if this is community property (see instructions) | **$16,141.00** | **$16,141.00** |

| | | | | |
|---|---|---|---|---|
| 3.2 | Make: **Dodge** | **Who has an interest in the property?** Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* | |
| | Model: **Durango** | ■ Debtor 1 only | | |
| | Year: **1999** | ☐ Debtor 2 only | **Current value of the entire property?** | **Current value of the portion you own?** |
| | Approximate mileage: **185000** | ☐ Debtor 1 and Debtor 2 only | | |
| | Other information: | ☐ At least one of the debtors and another | | |
| | **FMV - KBB** **Non-Operational** | ☐ Check if this is community property (see instructions) | **$1,672.00** | **$1,672.00** |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

| | | |
|---|---|---|
| 5 | Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here............................................................=> | **$17,813.00** |

| **Part 3:** | **Describe Your Personal and Household Items** |

| Do you own or have any legal or equitable interest in any of the following items? | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| | |
|---|---|
| **HH Items** | **$1,325.00** |

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes. Describe.....

| | |
|---|---|
| **Prsnl Electronics** | **$785.00** |

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; memorabilia, collectibles
■ No
☐ Yes. Describe.....

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | **Maria Teresa Macias Ibarra** | Case number *(if known)* | 21-02389 |

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

■ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
■ Yes. Describe.....

| Persnl Clothing | $675.00 |

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No
■ Yes. Describe.....

| Prsnl Jewelry | $805.00 |

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses

■ No
☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**

■ No
☐ Yes. Give specific information.....

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ................................................................................

| $3,590.00 |

| **Part 4:** | **Describe Your Financial Assets** |

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

■ No
☐ Yes.....................................................................................................

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
■ Yes.....................

Institution name:

| | | | |
|---|---|---|---|
| 17.1. | **Depository Account** | **Chase Chkg** | $16,652.00 |
| 17.2. | **Depository Account** | **Chase Svsgs** | $1,805.00 |

| Debtor 1 | **Maria Teresa Macias Ibarra** | Case number *(if known)* | 21-02389 |
|---|---|---|---|

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes..................        Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ■ No
    ☐ Yes.  Give specific information about them..................
        Name of entity:                                % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them
        Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ■ No
    ☐ Yes. List each account separately.
        Type of account:        Institution name:

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
    ■ No
    ☐ Yes. .....................        Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
    ■ No
    ☐ Yes.............        Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ■ No
    ☐ Yes.............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes.  Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
    ■ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

| Debtor 1 | Maria Teresa Macias Ibarra | Case number *(if known)* | 21-02389 |
|---|---|---|---|

29. **Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   ■ No
   ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
   ■ No
   ☐ Yes. Give specific information..

31. **Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
   ■ No
   ☐ Yes. Name the insurance company of each policy and list its value.
          Company name:                  Beneficiary:                Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
   ■ No
   ☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
   ■ No
   ☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
   ■ No
   ☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
   ■ No
   ☐ Yes. Give specific information..

36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here...................................................................................................

| | |
|---|---|
| | **$18,457.00** |

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

37. **Do you own or have any legal or equitable interest in any business-related property?**
   ■ No. Go to Part 6.
   ☐ Yes. Go to line 38.

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.<br>If you own or have an interest in farmland, list it in Part 1. |
|---|---|

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
   ■ No. Go to Part 7.
   ☐ Yes. Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

53. **Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership
   ■ No
   ☐ Yes. Give specific information.........

---

| Official Form 106A/B | Schedule A/B: Property | page 5 |
|---|---|---|

| Debtor 1 | **Maria Teresa Macias Ibarra** | Case number *(if known)* | **21-02389** |
|---|---|---|---|

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ..................................... | $0.00 |

| **Part 8:** | List the Totals of Each Part of this Form |
|---|---|

| 55. | **Part 1: Total real estate, line 2** ........................................................................................................ | | **$631,800.00** |
|---|---|---|---|
| 56. | **Part 2: Total vehicles, line 5** | $17,813.00 | |
| 57. | **Part 3: Total personal and household items, line 15** | $3,590.00 | |
| 58. | **Part 4: Total financial assets, line 36** | $18,457.00 | |
| 59. | **Part 5: Total business-related property, line 45** | $0.00 | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | |
| 61. | **Part 7: Total other property not listed, line 54** | + $0.00 | |
| 62. | **Total personal property.** Add lines 56 through 61... | $39,860.00 | Copy personal property total | **$39,860.00** |
| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62 | | **$671,660.00** |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com         Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Maria Teresa Macias Ibarra** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF CALIFORNIA |
| Case number | 21-02389 |
| (if known) | |

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

| 2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name. | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|
| | $16,640.00 | $16,141.00 | $499.00 |

**2.1   Bridgecrest**
Creditor's Name

**7300 East Hampton Avenue Suite 100 Mesa, AZ 85209**
Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Describe the property that secures the claim:**

**2017 Hyundai Santa Fe 56250 miles FMV - KBB**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

| Date debt was incurred | **Opened 07/20  Last Active 05/21** | Last 4 digits of account number | 0802 |
|---|---|---|---|

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor 1 | **Maria Teresa Macias Ibarra** | | Case number (if known) | **21-02389** |
|---|---|---|---|---|
| | First Name    Middle Name    Last Name | | | |

| 2.2 | **Rushmore Loan Mgmt Srvcs** | | | $272,206.85 | $631,800.00 | $0.00 |
|---|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

> **1022 Hemlock Avenue Imperial Beach, CA 91932  San Diego County FMV - Zillow**

**PO Box 514707**
**Los Angeles, CA 90051**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred  **2004**    Last 4 digits of account number  **5610**

---

| 2.3 | **San Diego County Treasurer-Tax** | | | $2,500.00 | $631,800.00 | $0.00 |
|---|---|---|---|---|---|---|

Creditor's Name

**1600 Pacific Hgwy; Rm 162**
**Attn: BK Desk**
**San Diego, CA 92101**

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

> **1022 Hemlock Avenue Imperial Beach, CA 91932  San Diego County FMV - Zillow**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred  **2020 - 2021**    Last 4 digits of account number  **6464**

---

| 2.4 | **Wells Fargo** | | | $84,594.63 | $631,800.00 | $0.00 |
|---|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

> **1022 Hemlock Avenue Imperial Beach, CA 91932  San Diego County FMV - Zillow**

**PO Box 10378**
**Des Moines, IA 50306**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred  **2010**    Last 4 digits of account number  **0430**

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | **Maria Teresa Macias Ibarra** | | | Case number (if known) | **21-02389** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | |
|---|---|
| Add the dollar value of your entries in Column A on this page. Write that number here: | **$375,941.48** |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | **$375,941.48** |

### Part 2:   List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.